UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACFC DELTA HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DELTA WATERWAYS LLC,<br><br>    Defendant. | Case No. 19-cv-00813-WHO<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiff moves for default judgment on its claim for bad faith waste against Delta Waterways, LLC ("Delta"). Dkt. Nos. 21, 27. In a related case, I granted default judgment in plaintiff's favor on its claim for against Coast West LLC and Cruiser Haven Inc, both of which served as guarantors on the original promissory note executed between Delta and plaintiff. *See* Dkt. No. 70, Case No. 18-cv-5845 (N.D. Cal.) ("*ACFC I*"). Delta was not a defendant in *ACFC I*.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may enter a final judgment in a case following a defendant's default. Whether to enter a judgment lies within the court's discretion. *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Cazadores Constr., Inc.*, No. 17-cv-05242-WHO, 2018 WL 986020, at *2 (N.D. Cal. Feb. 20, 2018). In order to exercise this discretion, the court must first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *Id.* Once these elements are satisfied, the court turns to the following factors (the "Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

In this matter, plaintiff moves for default judgment only on its second cause of action for bad faith waste to real property. Neither the Amended Complaint nor the motion for default judgment cite a particular statute or authority for plaintiff's claim for bad faith waste, and it is unclear what legal theory plaintiff makes its claim.[1] Under California law, a claim for bad faith waste may arise in the context of California's antideficiency statutes, which prevent a party from obtaining a deficiency judgment "after any foreclosure sale, private or judicial, of property securing a purchase money mortgage." *Cornelison v. Kornbluth*, 542 P.2d 981, 990 (1975); Cal. Civ. Proc. Code § 580b. Courts have recognized bad faith waste as an "exception" to this bar, and have allowed mortgagees to recover damages on this basis. *Cornelison*, 542 P.2d at 991. Plaintiff has not asserted that California's antideficiency legislation applies in this case.[2]

I have already granted judgment in favor of plaintiff in a related case in the amount of the amount owing on the promissory note after foreclosure. While plaintiff may be entitled to judgment against Delta on its breach of promissory note, it has already recovered judgment and damages on that note against the guarantors of that note in *ACFC I*. Here, plaintiff requests damages from Delta not for breach of the promissory note but for waste to the property. Such damages would appear duplicative of the damages already awarded in *ACFC I*, because plaintiff received the amount due on the note after the property was sold in foreclosure for sum less than the amount of the loan. Indeed, plaintiff submitted a declaration of Darren Clow, which stated that "[a]s part of the sale . . . ACFC was forced to discount the purchase price to offset the repair costs." Dkt. No. 25 at 3. Accordingly, there is no factual or legal information in the record that indicates why plaintiff is entitled to additional damages resulting from bad faith waste. At any

---

[1] Plaintiff has not identified any contractual provision that would provide this relief. The Amended Complaint states that "[t]he deed of trust required Delta to not commit waste to the Marina," Dkt. No. 6 ¶ 7, but plaintiff has not identified the deed of trust in the record or what provision was allegedly violated.

[2] It does not appear that the legislation would apply in this case. However, if it did, I note that plaintiff would not be able to recover both the remaining balance on the note (which was granted in *Delta I*) and damages from bad faith waste.

2

rate, plaintiff has failed to demonstrate the substantive merits and the sufficiency of the complaint with respect to its bad faith waste claim. *See ACFC I* at 2.

For this reason, I DENY plaintiff's motion without prejudice. If plaintiff wishes to provide further information supporting its request for judgment on its "bad faith waste" claim, it must explain why, as a matter of law, it is entitled to such damages and why these damages would not be duplicative of the damages I have already awarded in *ACFC I*. Plaintiff shall file any renewed motion for default judgment by April 10, 2020.

**IT IS SO ORDERED.**

Dated: March 16, 2020



William H. Orrick
United States District Judge